**Benjamin L. Kennedy, State Bar No. 232889**
**CARR, KENNEDY, PETERSON & FROST**
**A Law Corporation**
**420 Redcliff Drive**
**Redding, California 96002**
**Email: bkennedy@ckpf.com**
**(530) 222-2100; FAX (530) 222-0504**

**Attorneys for Defendant North Coast Cooperative, Inc. (erroneously sued as both North Coast Cooperative, Inc. and North Coast Coop)**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KENNETH GUNTHER, individually, and on, behalf of other members of the general public similarly situated;<br>Plaintiff,<br><br>vs.<br><br>NORTH COAST COOPERATIVE, INC., a California corporation, NORTH COAST COOP, an unknown business entity; and DOES 1 through 100, inclusive,<br><br>Defendants. | NO.<br><br>NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1441 (Federal Question)<br><br>[State Court Complaint Filed: February 25, 2020] |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that defendant North Coast Cooperative, Inc. erroneously sued as both North Coast Cooperative, Inc. and "North Coast Coop, an unknown business entity" ("North Coast Co-Op" or "Defendant") hereby removes the matter of *Kenneth Gunther v. North Coast Cooperative, Inc.* pending in the Superior Court of the State of California, in and for the



CARR, KENNEDY
PETERSON & FROST
A LAW CORPORATION
420 REDCLIFF DRIVE
REDDING, CA 96002
(530) 222-2100
FAX: (530) 222-0504

County of Humboldt, Case No. CV2000307, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

Removal is proper because federal question jurisdiction exists under section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 152(2), 28 U.S.C. §§ 1331, 1441(b) and 1446, as discussed below:

## I. Background

1. On February 25, 2020, Plaintiff Kenneth Gunther ("Plaintiff") individually and on behalf of all persons similarly situated, filed a Complaint in the Superior Court of California, County of Humboldt, Case No. CV2000307 (the "Complaint").

2. In the Complaint, Plaintiff asserts the following causes of action: (1) unpaid overtime violations; (2) unpaid meal period premiums; (3) unpaid rest period premiums; (4) unpaid minimum wages; (5) final wages not timely paid; (6) wages not timely paid during employment; (7) non-compliant wage statements; (8) failure to keep requisite payroll records; (9) unreimbursed business expenses; and (10) violation of California Business & Professions Code section 17200 et seq.

3. The Complaint did not expressly enumerate any claim under federal law and omits that the terms and conditions of Plaintiff's employment were subject to a Collective Bargaining Agreement ("CBA"). True and correct copies of the Summons and Complaint in this case are filed concurrently herewith as Exhibit A (footnote1).

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(a) and 1391.

1 Defendant requests that the Court take judicial notice of the exhibits attached to this Notice of Removal, all of which are pleadings filed in state court in this matter.

CARR, KENNEDY
PETERSON & FROST
A LAW CORPORATION
420 REDCLIFF DRIVE
REDDING, CA 96002
(530) 222-2100
FAX: (530) 222-0504

## II. Timeliness of Removal

5. North Coast Co-Op was served with the Complaint on March 9, 2020. This Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt of the Summons and Complaint filed by Defendant, as required by 29 U.S.C. § 1446(b).

## III. Federal Question Jurisdiction Based on LMRA Section 301 Preemption

6. This Court has original jurisdiction under 28 U.S.C. § 1331, and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action that presents a federal question.

7. Federal question jurisdiction arises out of the fact that Plaintiff's claims require interpretation of a CBA and thus are completely preempted by federal law under the LMRA. 29 U.S.C. § 185. Section 301 of the LMRA provides: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce … may be brought in a district court for the United States having jurisdiction of the parties without regarding to the amount in controversy or without regarding to the citizenship of the parties." *Firestone v. Southern Cal. Gas. Co.*, 219 F. 3d 1063, 1065 (9th Cir. 2000). To ensure uniform interpretations of CBAs, federal common law preempts the use of state contract law in collective bargaining agreement interpretation and enforcement. See *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 411 (1988).

8. The state law claims raised by a union represented employee that require

9. interpretation of a collective bargaining agreement must be brought pursuant to

10. section 301 of the LMRA. *Allis-Chalmers Corp. v. Lueck*, 571 U.S. 202, 211 (1985). "The preemptive force of section 301 is so powerful that it displaces entirely any state

CARR, KENNEDY PETERSON & FROST
A LAW CORPORATION
420 REDCLIFF DRIVE
REDDING, CA 96002
(530) 222-2100
FAX: (530) 222-0504

cause of action for violation of a collective bargaining agreement … any state claim whose outcome depends on analysis of the terms of the agreement." *Newberry v. Pac. Racing Ass'n*, 854 F. 2d 1142, 1146 (9th Cir. 1988); see *Voorhees v. Naper Aero Club, Inc.*, 272 F 3d 398, 403 (7th Cir. 2001) (section 301 of the LMRA is one of "only two areas in which the Supreme Court has found that Congress intended completely to replace state law with federal law for purposes of federal jurisdiction").

11. Section 301 of the LMRA specifically has been held to preempt California state law claims that are substantially dependent upon interpretation of a CBA. *Firestone*, 219 F. 3d at 1066-1067. This is so even where interpretation was required to evaluate the employer's defense to a plaintiff's state law causes of action. See *Levy v. Skywalker Sound*, 108 Cal. App. 4th 753, 769 (2003) (claim for unpaid wages preempted because it rested entirely on a claim that Plaintiff was entitled to wages at the level set by the CBA).

**A. Plaintiff's Employment Was Governed by a CBA**

12. Plaintiff was an employee of North Coast Co-Op and worked for the Company from October 16, 2017 until August 30, 2019. Declaration of Teisha Farrer ("Farrer Decl") at ¶ 3. The terms and conditions of Plaintiff's employment are subject to a collective bargaining agreement between North Coast Cooperative, Inc. and the United Food and Commercial Workers, Local 5 (the "Union"). *Id.* at ¶ 4. A true and correct copy of the written CBA is attached as Exhibit 1 to the Farrer Declaration and a true and correct copy of a settlement agreement between the Union and North Coast Co-Op regarding Plaintiff is attached as Exhibit 2 to the Farrer Declaration.

CARR, KENNEDY PETERSON & FROST
A LAW CORPORATION
420 REDCLIFF DRIVE
REDDING, CA 96002
(530) 222-2100
FAX: (530) 222-0504

13. The Union is a labor organization within the meaning of section 2(5) of the National Labor Relations Act and section 301 of the LMRA, 29 U.S.C. §§ 152(5) and 185(a).

14. North Coast Co-Op is an employer within the meaning of the LMRA, 29 U.S.C. § 152(2).

15. Under the CBA, the Union is the sole bargaining agent for covered employees for the purposes of collective bargaining to establish rates of pay, hours of work, and other conditions of employment. Farrer Decl at Exhibit 1 at section 1.1.

**B. Plaintiff's Claims Are Preempted by the LMRA Because They Require Substantial Interpretation of a CBA**

16. The Complaint omits the fact that Plaintiff was a member of the Union and employed by E-3 through a CBA. However, a plaintiff may not be permitted to "artfully plead" his complaint to conceal the true nature of the complaint. *Young v. Anthony's Fish Grottos, Inc.*, 830 F 2d 993, 997 (9th Cir. 1987) (plaintiff's state law claim was preempted even though operative complaint made no mention of a collective bargaining agreement); *Schroeder v. Trans World Airlines, Inc.*, 702 F. 2d 189, 191 (9th Cir. 1983), overruled in part on other grounds in *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F. 3d 1241 (9th Cir. 2009). The fact that Plaintiff has not made specific references to section 301 of the LMRA in the Complaint does not preclude removal. See *Milne Employees Ass'n v. Sun Carriers, Inc.*, 960 F. 2d 1401, 1406 (9th Cir. 1991). The Court may properly look beyond the face of the Complaint to determine whether the claims asserted are in fact preempted by section 301 of the LMRA. See *Lippitt v. Raymond James Financial Services, Inc.*, 340 F. 3d 1033, 1041 (9th Cir. 2003). Additionally, the Court may properly look to the facts stated in the Notice of Removal to clarify the action a plaintiff presents

CARR, KENNEDY
PETERSON & FROST
A LAW CORPORATION
420 REDCLIFF DRIVE
REDDING, CA 96002
(530) 222-2100
FAX: (530) 222-0504

and to determine if it encompasses an action within federal jurisdiction. *Schroeder*, 702 F. 2d at 1919.

17. An artfully pleaded state law claim is properly "characterized" as a federal claim under the "complete preemption" doctrine, which provides that the preemptive force of section 301 of the LMRA converts an ordinary state-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule and is removable to federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Franchise Tax Bd. V. Construction Laborers Vacation Trust*, 463 U.S. 1, 23 (1983) ("if a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises' under federal law").

18. The claims asserted in the Complaint are founded directly on rights created by the CBA or are substantially dependent on an analysis and interpretation of the CBA. See *Hayden v. Reickerd*, 957 F. 2d 1506, 1509 (9th Cir. 1991); see also *Caterpillar, Inc.*, 482 U.S. at 394. To analyze Plaintiff's claims, the Court will necessarily need to interpret the provisions of the relevant CBA.

19. The Court cannot simply look to state law to resolve Plaintiff's artfully pleaded claims for breach of a CBA. Plaintiff claims cannot be adjudicated without interpretation of numerous CBA provisions that govern his employment. Plaintiff asserts the following claims: (1) unpaid overtime violations; (2) unpaid meal period premiums; (3) unpaid rest period premiums; (4) unpaid minimum wages; (5) final wages not timely paid; (6) wages not timely paid during employment; (7) non-compliant wage statements; (8) failure to keep requisite payroll

CARR, KENNEDY
PETERSON & FROST
A LAW CORPORATION
420 REDCLIFF DRIVE
REDDING, CA 96002
(530) 222-2100
FAX: (530) 222-0504

records; (9) unreimbursed business expenses; and (10) violation of California Business & Professions Code section 17200 et seq.

20. The CBA contains specific language governing time worked, wages, overtime, and meal and rest periods. The CBA also provides for a grievance process and requires binding arbitration to resolve any disputes arising under the CBA. Resolution of Plaintiff's claims will require the Court to interpret, at a minimum, all of these provisions.

21. For instance, Plaintiff's state law claims on Defendant's alleged failure to pay overtime wages under California Labor Code section 510 is preempted by section 301 of the LMRA because the claim requires the Court to analyze and interpret the CBA's overtime provisions. Cal. Lab. Code § 510("Any work in excess of 8 hours in one workday … shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee"); but see Cal. Lab. Code § 514 ("Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for wages, hours of work, and working conditions of the employees, and if the agreement provides premium wages for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30% more than the state minimum wage"). See also *Vranish v. Exxon Mobil Corp.*, 223 Cal. App. 4th 103, 110 (2014) (finding that the CBA at issue fell squarely within Labor Code section 514 and nothing in section 514 required the employer to look to the definition of overtime in section 510).

22. Plaintiff's state law claims based on Defendant's alleged failure to provide meal periods under Labor Code 226.7 and 512, and rest periods under Labor Code section 226.7 are preempted by section 301 of the LMRA. Whether Defendant provided Plaintiff and the

CARR, KENNEDY
PETERSON & FROST
A LAW CORPORATION
420 REDCLIFF DRIVE
REDDING, CA 96002
(530) 222-2100
FAX: (530) 222-0504

purported class meal or rest periods requires the Court to analyze and interpret the CBA and the past practices between Defendant and the Union. The parties' past practices are deemed to part of the CBA. *Consolidated Rail Corp. v. Ry. Labor Execs. Ass'n,* 491 U.S. 299, 307 (1989) (collective bargaining agreements may include implied, as well as express, terms ... "it is well established that the parties' practice, usage and custom is of significance in interpreting their agreement"). Specifically, the Court must interpret the parties' practices regarding the extent to which they agree that Plaintiff may take meal periods and rest breaks in accordance with its terms.

23. Applying the CBA in conjunction with Labor Code section 514, the grievance and arbitration procedure set forth in the CBA covers "any violations of the provisions of this Agreement." Farrer Decl at Exhibit 1, Article 12. The promotion of extra-judicial dispute resolution is another purpose of preemption under section 301 of the LMRA. State court lawsuits are properly removed on preemption grounds may then be deferred to arbitration, if the parties to the CBA have so agreed. Here, the parties have so agreed, and the claims are therefore subject to arbitration. Therefore, an alleged violation of the CBA is subject to the grievance and arbitration procedures set forth therein. As all of Plaintiff's claims are, in essence, alleged violations of the relevant CBA, the court will necessarily have to interpret the grievance and arbitration provisions to analyze Plaintiff's claims in this case. That is, the court will be required to determine whether Plaintiff was first required to exhaust the grievance procedures, whether he did in fact exhaust those procedures, and whether he agreed to arbitrate all or some of his claims, which are all questions reserved for federal courts under the LMRA.

CARR, KENNEDY
PETERSON & FROST
A LAW CORPORATION
420 REDCLIFF DRIVE
REDDING, CA 96002
(530) 222-2100
FAX: (530) 222-0504

24. Plaintiff's claims are substantially dependent upon the interpretation of the foregoing CBA terms and provisions. In fact, those terms and provisions govern nearly all of the conduct which forms the basis for the Complaint, and thus are essential to the resolution of Plaintiff's claims. Accordingly, each of Plaintiff's claims arises under section 301 of the LMRA and is preempted by federal law. Removal to federal court is warranted.

**IV. Supplemental Jurisdiction**

25. The Court has supplemental jurisdiction over any of Plaintiff's remaining state law claims to the extent they are not completely preempted by section 301 of the LMRA or are not so inextricably intertwined with or dependent on an interpretation of the CBA because they relate to and emanate from the same employment relationship between Plaintiff and Defendant that is the subject of the federal question claims. All the pleaded claims emanate from and form part of the same "case or controversy," such that they should be tried in one action. See *Nishimoto v. Federman-Backrach & Assoc.*, 903 F 2d 709, 714 (9th Cir. 1990). Considerations of convenience, judicial economy, and fairness to the litigants strongly favor this Court exercising jurisdiction over all claims in the Complaint. See *Executive Software v. U.S. Dist. Court*, 24 F 3d 1545, 1557 (9th Cir. 1994). Accordingly, by virtue of 28 U.S.C. § 1441, Defendant is entitled to remove all of Plaintiff's claims to this Court.

26. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of such filing will be served on Plaintiff's counsel of record, Edwin Aiwazian of Lawyers for Justice, PC, 410 West Arden Avenue, Suite 203, Glendale, California 91203. In addition, a copy of this Notice of Removal

CARR, KENNEDY
PETERSON & FROST
A LAW CORPORATION
420 REDCLIFF DRIVE
REDDING, CA 96002
(530) 222-2100
FAX: (530) 222-0504

will be filed with the Clerk of the Court for the Superior Court of California in and for the County of Humboldt.

27. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Defendant or filed by Defendant are attached hereto as Exhibit A.

WHEREFORE, having provided notice as is required by law, the above-entitled action should be removed from the Superior Court of California in and for the County of Humboldt.

Dated: April 6, 2020

CARR, KENNEDY, PETERSON & FROST

By ______________________________

BENJAMIN KENNEDY
Attorneys for Defendant
North Coast Cooperative, Inc.
(erroneously sued as both North Coast Cooperative, Inc. and North Coast Coop)

CARR, KENNEDY
PETERSON & FROST
A LAW CORPORATION
420 REDCLIFF DRIVE
REDDING, CA 96002
(530) 222-2100
FAX: (530) 222-0504

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
FEB 25 2020 CO
SUPERIOR COURT OF CALIFORNIA
COUNTY OF HUMBOLDT

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

NORTH COAST COOPERATIVE, INC., a California corporation; "Additional Parties Attachment form is attached."

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

KENNETH GUNTHER, individually, and on behalf of other members of the general public similarly situated;

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER: *(Número del Caso):* CV2000307

Superior Court of the State of California, County of Humboldt
421 I Street, Eureka, CA 95501

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Edwin Aiwazian, 410 Arden Ave., Ste. 203, Glendale, CA 91203; Telephone No. (818) 265-1020

DATE: *(Fecha)* 2 25 20 Clerk, by *(Secretario)* CINDY C., Deputy *(Adjunto)*

KIM M. BARTLESON

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

COPY

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California

SUMMONS

Code of Civil Procedure §§ 412.20, 465

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| Gunther vs. North Coast Cooperative, Inc., et al. | CV2000307 |

**INSTRUCTIONS FOR USE**

- This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
- If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff ☑ Defendant ☐ Cross-Complainant ☐ Cross-Defendant

NORTH COAST COOP, an unknown business entity; and DOES 1 through 100, inclusive.

FAX FILING

Edwin Aiwazian (SBN 232943)
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

*Attorneys for* Plaintiff

FILED
FEB 25 2020
SUPERIOR COURT OF CALIFORNIA
COUNTY OF HUMBOLDT

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF HUMBOLDT**

KENNETH GUNTHER, individually, and on behalf of other members of the general public similarly situated;

Plaintiff,

vs.

NORTH COAST COOPERATIVE, INC., a California corporation; NORTH COAST COOP, an unknown business entity; and DOES 1 through 100, inclusive,

Defendants.

Case No.: **CV2000307**

**CLASS ACTION COMPLAINT FOR DAMAGES**

(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);
(2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);
(3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);
(4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);
(5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid);
(6) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment);
(7) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements);
(8) Violation of California Labor Code § 1174(d) (Failure To Keep Requisite Payroll Records);
(9) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses);
(10) Violation of California Business & Professions Code §§ 17200, et seq.

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff KENNETH GUNTHER ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated, and alleges as follows:

## JURISDICTION AND VENUE

1. This class action is brought pursuant to the California Code of Civil Procedure section 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

2. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

3. This Court has jurisdiction over Defendant because, upon information and belief, Defendant is a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by California courts consistent with traditional notions of fair play and substantial justice.

4. Venue is proper in this Court because, upon information and belief, Defendant maintains offices, has agents, employs individuals, and/or transacts business in the State of California, County of Humboldt. The majority of acts and omissions alleged herein relating to Plaintiff and the other class members took place in the State of California, including the County of Humboldt. At all relevant times, Defendant maintained its headquarters/"nerve center" within the State of California, County of Humboldt.

## PARTIES

5. Plaintiff KENNETH GUNTHER is an individual residing in the State of California, County of Humboldt.

6. Defendant NORTH COAST COOPERATIVE, INC., at all times herein mentioned, was and is, upon information and belief, a California corporation and, at all times herein mentioned, an employer whose employees are engaged throughout the State of California, including the County of Humboldt.

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

7. Defendant NORTH COAST COOP at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Humboldt.

8. At all relevant times, Defendant NORTH COAST COOPERATIVE, INC. and NORTH COAST COOP were the "employer" of Plaintiff within the meaning of all applicable California laws and statutes.

9. At all times herein relevant, Defendants NORTH COAST COOPERATIVE, INC., NORTH COAST COOP, and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and/or assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and/or consent of each defendant designated as a DOE herein.

10. The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sue said defendants by such fictitious names. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

11. Defendants NORTH COAST COOPERATIVE, INC., NORTH COAST COOP, and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

12. Plaintiff further alleges that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Plaintiff and the other class members so as to make each of said Defendants employers liable under the statutory provisions set forth herein.

**CLASS ACTION ALLEGATIONS**

13. Plaintiff bring this action on his own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under California Code of Civil Procedure section 382.

14. The proposed class is defined as follows:

CLASS. All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment and who reside in California.

SUBCLASS A. All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment who earned shift differential pay/non-discretionary bonuses/non-discretionary performance pay which was not used to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages and who reside in California.

15. Plaintiff reserves the right to establish additional subclasses as appropriate.

16. The class is ascertainable and there is a well-defined community of interest in the litigation:

a. Numerosity: The class members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b. Typicality: Plaintiff's claims are typical of all other class members' as demonstrated herein. Plaintiff will fairly and adequately protect the

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

interests of the other class members with whom he has a well-defined community of interest.

c. Adequacy: Plaintiff will fairly and adequately protect the interests of each class member, with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other class members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e. Public Policy Considerations: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

17. There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

a. Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

b. Whether Defendants' had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all hours worked and missed (short, late, interrupted, and/or missed altogether) meal periods and rest breaks in violation of California law;

c. Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d. Whether Defendants failed to use the shift differential pay/ non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiff and the other class members earned shift differential pay/non-discretionary bonuses/non-discretionary performance pay and overtime wages in the same workweek;

e. Whether Defendants deprived Plaintiff and the other class members of meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

f. Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

g. Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

h. Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

i. Whether Defendants complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

j. Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

k. Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

l. Whether Defendants' conduct was willful or reckless;

m. Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

n. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

o. Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

**GENERAL ALLEGATIONS**

18. At all relevant times set forth herein, Defendants employed Plaintiff and other persons as hourly-paid or non-exempt employees within the State of California, including the County of Humboldt.

19. Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt employee, from approximately October 2017 to approximately August 2019, in the State of California, County of Humboldt.

20. Defendants hired Plaintiff and the other class members, classified them as hourly-paid or non-exempt employees, and failed to compensate them for all hours worked and missed meal periods and/or rest breaks.

21. Defendants had the authority to hire and terminate Plaintiff and the other class members, to set work rules and conditions governing Plaintiff's and the other class members' employment, and to supervise their daily employment activities.

22. Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

23. Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

24. Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

25. Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

26. Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California. This pattern and practice involved, *inter alia*, failing to pay them for all regular and/or overtime wages earned and for missed meal periods and rest breaks in violation of California law.

27. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all overtime hours worked.

28. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to use the shift differential pay/non-discretionary bonuses/non- discretionary performance pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiff and the other class members earned shift differential pay/ non-discretionary bonuses/non-discretionary performance pay and overtime wages in the same workweek.

29. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members all required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

30. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

member's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed.

31. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed.

32. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

33. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation.

34. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them during their employment. Plaintiff and the other class members did not receive payment of all wages, including overtime and minimum wages and meal and rest period premiums, within any time permissible under California Labor Code section 204.

35. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants. The deficiencies

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the other class members.

36. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and the other class members in accordance with California law, but, in fact, did not keep complete and accurate payroll records.

37. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to reimbursement for necessary business-related expenses.

38. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

39. During the relevant time period, Defendants failed to pay overtime wages to Plaintiff and the other class members for all overtime hours worked. Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation for all overtime hours worked.

40. During the relevant time period, Defendants failed to use the shift differential pay/ non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiff and the other class members earned shift differential pay/non-discretionary bonuses/non-discretionary performance pay and overtime wages in the same workweek.

41. During the relevant time period, Defendants failed to provide all requisite uninterrupted meal and rest periods to Plaintiff and the other class members.

42. During the relevant time period, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

43. During the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation.

44. During the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

45. During the relevant time period, Defendants failed to provide complete or accurate wage statements to Plaintiff and the other class members.

46. During the relevant time period, Defendants failed to keep complete or accurate payroll records for Plaintiff and the other class members.

47. During the relevant time period, Defendants failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.

48. During the relevant time period, Defendants failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants' profits.

49. California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

**FIRST CAUSE OF ACTION**

**(Violation of California Labor Code §§ 510 and 1198)**

**(Against NORTH COAST COOPERATIVE, INC., NORTH COAST COOP, and DOES 1 through 100)**

50. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 49, and each and every part thereof with the same force and effect as though fully set forth herein.

51. California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

52. Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

53. The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

54. California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

55. During the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

56. During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members.

57. Defendants' failure to pay Plaintiff and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

58. Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

///

///

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**SECOND CAUSE OF ACTION**

**(Violation of California Labor Code §§ 226.7 and 512(a))**

**(Against NORTH COAST COOPERATIVE, INC., NORTH COAST COOP, and DOES 1 through 100)**

59. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 58, and each and every part thereof with the same force and effect as though fully set forth herein.

60. At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants.

61. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

62. At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

63. At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

64. During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

65. During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

66. During the relevant time period, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods.

67. During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

68. Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

69. Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

**THIRD CAUSE OF ACTION**

**(Violation of California Labor Code § 226.7)**

**(Against NORTH COAST COOPERATIVE, INC., NORTH COAST COOP, and DOES 1 through 100)**

70. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 69, and each and every part thereof with the same force and effect as though fully set forth herein.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

71. At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

72. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

73. At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

74. During the relevant time period, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

75. During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

76. During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7.

77. Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

78. Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**FOURTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

**(Against NORTH COAST COOPERATIVE, INC., NORTH COAST COOP, and DOES 1 through 100)**

79. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 78, and each and every part thereof with the same force and effect as though fully set forth herein.

80. At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

81. During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

82. Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

83. Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

84. Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

///

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**FIFTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 201 and 202)**

**(Against NORTH COAST COOPERATIVE, INC., NORTH COAST COOP, and DOES 1 through 100)**

85. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 84, and each and every part thereof with the same force and effect as though fully set forth herein.

86. At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

87. During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

88. Defendants' failure to pay Plaintiff and the other class members who are no longer employed by Defendants' their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

89. California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

90. Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**SIXTH CAUSE OF ACTION**

**(Violation of California Labor Code § 204)**

**(Against NORTH COAST COOPERATIVE, INC., NORTH COAST COOP, and DOES 1 through 100)**

91. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 90, and each and every part thereof with the same force and effect as though fully set forth herein.

92. At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

93. At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

94. At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

95. During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members all wages due to them, within any time period permissible under California Labor Code section 204.

96. Plaintiff and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

///

///

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**SEVENTH CAUSE OF ACTION**

**(Violation of California Labor Code § 226(a))**

**(Against NORTH COAST COOPERATIVE, INC., NORTH COAST COOP, and DOES 1 through 100)**

97. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 96, and each and every part thereof with the same force and effect as though fully set forth herein.

98. At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

99. Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements. The deficiencies include, but are not limited to: the failure to include the total number of hours worked by Plaintiff and the other class members.

100. As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

101. More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

102. Plaintiff and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

103. Plaintiff and the other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h).

**EIGHTH CAUSE OF ACTION**

**(Violation of California Labor Code § 1174(d))**

**(Against NORTH COAST COOPERATIVE, INC., NORTH COAST COOP, and DOES 1 through 100)**

104. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 103, and each and every part thereof with the same force and effect as though fully set forth herein.

105. Pursuant to California Labor Code section 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

106. Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Plaintiff and the other class members.

///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

107. As a result of Defendants' violation of California Labor Code section 1174(d), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

108. More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 1174(d) because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to California Labor Code section 1174(d).

**NINTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 2800 and 2802)**

**(Against NORTH COAST COOPERATIVE, INC., NORTH COAST COOP, and DOES 1 through 100)**

109. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 108, and each and every part thereof with the same force and effect as though fully set forth herein.

110. Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

111. Plaintiff and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants.

112. Defendants have intentionally and willfully failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.

113. Plaintiff and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**TENTH CAUSE OF ACTION**

**(Violation of California Business & Professions Code §§ 17200, et seq.)**

**(Against NORTH COAST COOPERATIVE, INC., NORTH COAST COOP, and DOES 1 through 100)**

114. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 113, and each and every part thereof with the same force and effect as though fully set forth herein.

115. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors. Accordingly, Plaintiff seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

116. Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

117. A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law. In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1. Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201, 202 and 204. Defendants also violated California Labor Code sections 226(a), 1174(d), 2800 and 2802.

118. As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

119. Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

120. Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years preceding the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

**DEMAND FOR JURY TRIAL**

Plaintiff, individually, and on behalf of other members of the general public similarly situated, requests a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of other members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

**Class Certification**

1. That this action be certified as a class action;

2. That Plaintiff be appointed as the representative of the Class;

3. That counsel for Plaintiff be appointed as Class Counsel; and

4. That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail and telephone numbers) of all class members.

**As to the First Cause of Action**

5. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

6. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

7. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9. For such other and further relief as the Court may deem just and proper.

**As to the Second Cause of Action**

10. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other class members;

11. That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12. For all actual, consequential, and incidental losses and damages, according to proof;

13. For premium wages pursuant to California Labor Code section 226.7(c);

14. For pre-judgment interest on any unpaid wages from the date such amounts were due;

15. For reasonable attorneys' fees and costs of suit incurred herein; and

16. For such other and further relief as the Court may deem just and proper.

**As to the Third Cause of Action**

17. That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

18. That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

19. For all actual, consequential, and incidental losses and damages, according to proof;

20. For premium wages pursuant to California Labor Code section 226.7(c);

21. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22. For such other and further relief as the Court may deem just and proper.

**As to the Fourth Cause of Action**

23. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

24. For general unpaid wages and such general and special damages as may be appropriate;

25. For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

26. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

27. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

28. For liquidated damages pursuant to California Labor Code section 1194.2; and

29. For such other and further relief as the Court may deem just and proper.

**As to the Fifth Cause of Action**

30. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the other class members no longer employed by Defendants;

31. For all actual, consequential, and incidental losses and damages, according to proof;

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

32. For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and the other class members who have left Defendants' employ;

33. For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

34. For such other and further relief as the Court may deem just and proper.

**As to the Sixth Cause of Action**

35. That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by California Labor Code section 204 to Plaintiff and the other class members;

36. For all actual, consequential, and incidental losses and damages, according to proof;

37. For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

38. For such other and further relief as the Court may deem just and proper.

**As to the Seventh Cause of Action**

39. That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

40. For actual, consequential and incidental losses and damages, according to proof;

41. For statutory penalties pursuant to California Labor Code section 226(e);

42. For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h); and

43. For such other and further relief as the Court may deem just and proper.

**As to the Eighth Cause of Action**

44. That the Court declare, adjudge and decree that Defendants violated California Labor Code section 1174(d) by willfully failing to keep accurate and complete payroll records

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

for Plaintiff and the other class members as required by California Labor Code section 1174(d);

45. For actual, consequential and incidental losses and damages, according to proof;

46. For statutory penalties pursuant to California Labor Code section 1174.5; and

47. For such other and further relief as the Court may deem just and proper.

**As to the Ninth Cause of Action**

48. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

49. For actual, consequential and incidental losses and damages, according to proof;

50. For the imposition of civil penalties and/or statutory penalties;

51. For reasonable attorneys' fees and costs of suit incurred herein; and

52. For such other and further relief as the Court may deem just and proper.

**As to the Tenth Cause of Action**

53. That the Court decree, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to pay Plaintiff's and the other class members' wages timely as required by California Labor Code section 201, 202 and 204 and by violating California Labor Code sections 226(a), 1174(d), 2800 and 2802.

54. For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

55. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, et seq.;

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

56. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

57. For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, et seq.; and

58. For such other and further relief as the Court may deem just and proper.

Dated: February 25, 2020

**LAWYERS *for* JUSTICE, PC**

By: ______________________
Edwin Aiwazian
*Attorneys for* Plaintiff

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

FAX FILING

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Edwin Alwazian (State Bar No. 232943)
LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, CA 91203
TELEPHONE NO.: (818) 265-1020 FAX NO.: (818) 265-1021
ATTORNEY FOR (Name): Plaintiff Kenneth Gunther

FOR COURT USE ONLY

FILED
FEB 25 2020
SUPERIOR COURT OF CALIFORNIA COUNTY OF HUMBOLDT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Humboldt
STREET ADDRESS: 421 I Street
MAILING ADDRESS:
CITY AND ZIP CODE: Eureka, 95501
BRANCH NAME: Humboldt County Courthouse

CASE NAME:
Gunther vs. North Coast Cooperative, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CV2000307 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (*not specified above*) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (*check all that apply*): a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [✓] punitive
4. Number of causes of action (*specify*):
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: February 25, 2020

(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition